170 F.3d 1247
 99 Cal. Daily Op. Serv. 2199, 1999 Daily
Journal D.A.R. 2896
Dinora DEL CARMEN MOLINA; Ligia Elena Salazar; Henry
Fernando Salazar-Molina, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70784.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 2, 1999.[1]
Filed March 26, 1999.
 
 Dinora Del Carmen Molina, Pico Rivera, California, In Pro Per, for the petitioner.
 Stephen W. Funk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.
 On Petition for Review of an Order of the Board of Immigration Appeals. I & NS Nos. Asp-mqo-lgh, Ajm-prr-blv, Are-quo-uyh.
 Before: PREGERSON, BOOCHEVER, and HAWKINS, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 FACTUAL BACKGROUND
 
 1
 Dinora Del Molina and her two minor children, Ligia Elena Salazar and Henry Salazar-Molina, petition for review of the Board of Immigration Appeals ("BIA") decision denying their applications for asylum and withholding of deportation.
 
 
 2
 Molina and her children are all citizens of El Salvador seeking political asylum in the United States. They entered the United States without inspection in November 1991, and were issued Orders to Show Cause in July 1995. They conceded deportability in 1996, and applied for asylum and withholding of deportation. Molina's application is based on her persecution by guerrillas in El Salvador on account of her opposition to the guerrillas and her family's military affiliation. The minors' applications are derivative of their mother's.
 
 
 3
 At a hearing before an Immigration Judge ("IJ") in June 1996, Molina testified that, because of her family's military involvement, her cousins and their families were killed by the guerrillas in El Salvador. She also testified that she herself received two threatening notes from the guerrillas, one in 1989 and one in 1991.
 
 
 4
 The IJ issued an oral decision denying the Molinas' applications for asylum and withholding of deportation. Although the IJ made a favorable credibility determination, he found that Molina failed to establish persecution or a well-founded fear of persecution in El Salvador. On appeal, the BIA affirmed.
 
 
 5
 The Molinas timely petitioned this court for a review of the BIA's decision.DISCUSSION
 
 
 6
 We will uphold the BIA's finding that an applicant is ineligible for asylum if it is supported by reasonable, substantial, and probative evidence. See Velarde v. INS, 140 F.3d 1305, 1309 (9th Cir.1998). The BIA's decision that an applicant is ineligible for withholding of deportation is also reviewed for substantial evidence. See id.
 
 Past Persecution
 
 7
 The BIA's determination that "the guerillas' interest in [Molina] did not amount to persecution, but rather to an interest by the guerillas in recruiting her" was not supported by reasonable, substantial, and probative evidence. In reaching its determination that Molina had not established past persecution, the BIA relied on the IJ's findings, which were in turn not supported by substantial evidence.
 
 
 8
 Most significantly, the IJ found that "at least one of [Molina's] cousins was killed while serving in the military in El Salvador during a fire fight with guerillas." Molina's uncontradicted testimony,[2] however, was that her "cousins and the family of them were killed ... because [her] cousins were military." The IJ's attempt to characterize these killings as having occurred in battle is simply without foundation.
 
 
 9
 The IJ also found that "the only basis for the asylum claim of this respondent and her two children is that the Respondent asserts that she received two notes from the guerillas ... indicating that they wanted to talk to her about her cousins who were in the military at that time, and to take her with them." The witness's testimony, however, was that these notes threatened "retaliation against [her] family" if she did not comply with their requests. At this point in her testimony, the witness also reiterated that she knew the guerillas wanted to take her because they had already "kill[ed] some family members." Given her testimony that her cousins' families had been killed because her cousins were in the military, these notes from the guerrillas were tantamount to death threats.
 
 
 10
 Finally, the IJ noted that Molina "assert[ed] that her mother and two sisters still reside in El Salvador and that to her knowledge they have not had any problems since she left El Salvador." While this characterization is perhaps technically correct, Molina's actual response to the IJ's question on this matter was, "In reality, I don't know. They tell me don't leave, its going to be so dangerous for you over there."
 
 
 11
 Given the factual errors in the IJ's decision, the BIA's reliance on the IJ's finding that the guerrillas' actions did not constitute persecution was misplaced. In fact, Molina's actual, uncontradicted, and credible testimony did evidence past persecution. See Garrovillas v. INS, 156 F.3d 1010, 1016 (9th Cir.1998) ("[R]ecruitment attempts and death threats are sufficient to show persecution under the Immigration and Nationality Act.") (internal quotation marks and citation omitted); accord Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (finding past persecution where the petitioner suffered recruitment attempts and threats of violence from a terrorist group that the government was unable to control). Thus, the BIA's finding that Molina was not persecuted is not supported by reasonable, substantial, and probative evidence.
 
 On Account of Political Opinion
 
 12
 In addition, the BIA's apparent suggestion, by way of citation to INS v. Elias-Zacarias, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), that the guerillas' persecution of Molina was not "on account of" actual or imputed political opinion is not supported by reasonable, substantial, and probative evidence.
 
 
 13
 Molina had an identifiable political opinion and offered evidence that her persecutors persecuted her on account of her actual or imputed opinion. In her asylum application, Molina explained that she had been "living in constantly fear in [her] country knowing that anytime people from the FMLN would forced me to go along with them against my will or kill me just because of my political opinion." Molina testified at the hearing that she "was not agree with the guerilla opinion." She also testified that her cousins fought in the military, that the guerrillas killed the families of her cousins because of her cousins' involvement in the military, that her family was also military, and that the guerrillas threatened her and her family.
 
 
 14
 While the guerrillas' threats may have been motivated in part by an interest in recruiting her, this does not defeat Molina's asylum claim. Because Molina's uncontradicted, credible testimony was that she was threatened on account of her political opinion, the BIA's determination that Molina was not persecuted on account of her actual or imputed political opinion is not supported by reasonable, substantial, and probative evidence.
 
 Changed Country Conditions
 
 15
 An alien who establishes past persecution is presumed to have a well-founded fear of persecution. See 8 C.F.R. 208.13(b)(1)(i). To rebut this presumption, the Immigration and Naturalization Service bears the burden of showing by a preponderance of the evidence that "since the time the persecution occurred conditions in the applicant's country of nationality ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if he or she were to return." Id. This court has held that " 'individualized analysis' of how changed conditions will affect the specific petitioner's situation is required. Information about general changes in the country is not sufficient." Garrovillas, 156 F.3d at 1017 (citations omitted).
 
 
 16
 Because the BIA found that Molina did not establish past persecution, it did not afford Molina the presumption of a well-founded fear of future persecution. As a result, the BIA did not analyze the facts to assess whether the INS had rebutted the presumption by showing the effect of changed country conditions.
 
 
 17
 Therefore, we remand to the BIA to determine whether sufficient evidence of changed country conditions exists to rebut the presumption of a well-founded fear of persecution.
 
 
 18
 Petition GRANTED. REMANDED to the BIA for further proceedings.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [2]
 Given the IJ's finding that Molina's testimony was credible, this uncontradicted testimony must be taken as true. See Velarde, 140 F.3d at 1312. The only possible confusion arises out of her later confused statement: "They wanted to ask me about my cousins. Mainly, my brother, well, no excuse me, my cousins were the one who escaped from the guerillas." AR at 71