**Abner Hiram DIAZ–MARROQUIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70392.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 22, 2000 **.

Decided Feb. 7, 2001.

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before WRIGHT, CHOY and SKOPIL, Circuit Judges.

## MEMORANDUM *

Abner Hiram Diaz–Marroquin ("Diaz"), a native and citizen of Guatemala, appeals from the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Diaz contends that he has a

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

well-founded fear of future persecution on account of his anti-communist political opinion because members of a Guatemalan guerilla group threatened and shot at him. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We hold that Diaz is eligible for asylum, but affirm the BIA's denial of withholding of deportation.

## I. Asylum

The Attorney General may, in his or her discretion, grant asylum to an applicant determined to be a "refugee." *See* 8 U.S.C. § 1158(b); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Diaz contends that he qualifies for asylum because he has a well-founded fear of future persecution on account of his political opinion. *See* 8 C.F.R. § 208.13(b). Thus, Diaz must establish that he has a fear of future persecution based on his political opinion, that there is a reasonable possibility of suffering persecution if he returns to Guatemala, and that he is unwilling to return to Guatemala because of that fear. *See* 8 C.F.R. § 208.13(b)(2).

▮ The BIA's factual decision that an alien is not qualified for asylum and withholding of deportation is reviewed under the substantial evidence standard, and must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); *Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812. The Board's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act is reviewed de novo. *See Ladha v. INS,* 215 F.3d 889, 896 (9th Cir.2000).

### A. Adverse Credibility Finding

The BIA's first reason for denying Diaz's petition for asylum was that it accepted the IJ's adverse credibility determination. Diaz claims that this finding was in error because the BIA misinterpreted the IJ's finding, and any adverse credibility determination was not supported by sufficient evidence.

Despite Diaz's contention to the contrary, the IJ made an adverse credibility determination that she believed was sufficient to deny asylum, although she accepted parts of the testimony as truthful. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

▮ Because the BIA relied on the IJ's determination and did not make its own independent finding, this court reviews the IJ's opinion. *See Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996). We review adverse credibility determinations for substantial evidence. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). Adverse credibility determinations must be (1) "supported by specific, cogent reasons," and (2) "the reasons set forth must be substantial and must bear a legitimate nexus to the finding." *Zahedi v. INS,* 222 F.3d 1157, 1163 (9th Cir.2000).

▮ The inconsistencies in Diaz's testimony do not provide adequate support for finding that Diaz lacked credibility. The inconsistencies were minor. *See Chand v. INS,* 222 F.3d 1066, 1070 (9th Cir.2000). They did not enhance Diaz's asylum application. *See Sidhu v. INS,* 220 F.3d 1085,

---

**1.** This court has jurisdiction under section 106 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1105(a). This section was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which limited the scope of judicial review. *See* IIRIRA § 306(c)(1); 8 U.S.C. § 1252. However, because Diaz–Marroquin's deportation proceeding began before the effective date of the IIRIRA, April 1, 1997, this court retains jurisdiction under the previous statute. *See* IIRIRA § 309(c)(1).

1089 (9th Cir.2000). Also, they were communicated through an interpreter. *See Zahedi,* 222 F.3d at 1166–67.

■ The second reason that the IJ used to justify her adverse credibility finding was that she found parts of Diaz's testimony implausible. Without more, personal conjecture is an insufficient basis for an adverse credibility determination. *See Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996).

Thus, we hold that the adverse credibility determination was not supported by substantial evidence.

### B. On Account of Political Opinion

The next reason that the BIA gave for denying asylum was that "[Diaz] has failed to establish his claim of persecution on account of any of the enumerated grounds." On appeal, Diaz claims persecution only on the basis of political opinion. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1029 (9th Cir.2000).

■ When the BIA conducts an independent review of the IJ's findings, this court reviews the BIA's decision and not that of the IJ. *See Sidhu,* 220 F.3d at 1088. Whether a petitioner has established a political basis for his persecution is a question of law reviewed de novo. *See Singh v. Ilchert,* 63 F.3d 1501, 1506–07 (9th Cir. 1995). In order to establish that the persecution was due to political opinion, Diaz must establish that "he holds a political opinion; his political opinion is known to his persecutors; and the persecution has been or will be on account of his political opinion." *Gonzales–Neyra v. INS,* 122 F.3d 1293, 1296 (9th Cir.1997) (outline numbering omitted).

■ Diaz's testimony satisfies the first requirement: he held strong anti-communist beliefs. He repeatedly testified that he refused to join the guerrilla forces be-cause of his political opinion and was vocal in his opposition. His testimony also satisfies the second requirement by showing that the guerrillas were aware of his viewpoint. According to Diaz, when the guerrillas confronted him, he told them directly that he would not join their forces because of his anti-communist politics.

Diaz has also sufficiently established that his persecution was on account of his political opinion. Unlike cases denying asylum to military enlistees, Diaz presented evidence that he was targeted more than other military students, that he publicly expressed his anti-communist beliefs, and that he communicated this political opinion to the guerrillas. *Cf. Cruz–Navarro,* 232 F.3d at 1029–30. Furthermore, his anti-guerrilla activity prior to persecution indicates that the persecution was on account of political opinion. *See Briones v. INS,* 175 F.3d 727, 728–29 (9th Cir.1999) (en banc). Also, the fact that Diaz's political opinion differed so significantly from that of the guerrillas supports the inference that they were persecuting him, at least in part, for his political opinion. *See Hernandez–Ortiz v. INS,* 777 F.2d 509, 516 (9th Cir.1985). It is not dispositive that the guerrillas may also have been motivated by personal revenge against Diaz for informing the police against them. *See Lim v. INS,* 224 F.3d 929, 934 (9th Cir.2000).

### C. Well–Founded Fear of Persecution

■ The BIA's final reason for denying asylum was that Diaz failed to establish that he had a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b). To establish a well-founded fear of persecution, Diaz must show both that his fear is subjectively genuine and that it is objectively reasonable. *See Zahedi,* 222 F.3d at 1162. In order to find that Diaz has a well-founded fear, persecu-

tion need not be more likely than not; even a one-tenth possibility of persecution may be sufficient to establish a well-founded fear. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

 Diaz's testimony establishes that he genuinely fears persecution. Furthermore, Diaz's history of death threats, violent confrontations, and destruction of his home is severe enough to make him legitimately fear that he will be persecuted if he returns. Death threats can form the basis of a well-founded fear of future persecution. *See Lim,* 224 F.3d at 934; *Garrovillas v. INS,* 156 F.3d 1010, 1016 (9th Cir.1998). The fact that the family remains safe does not mitigate this risk because the guerrillas were specifically interested in Diaz, and there is not evidence that they intended to persecute the family, except in attempts to reach him. *See Lim,* 224 F.3d at 935.

The specific reason that the BIA gave for rejecting Diaz's claim of a well-founded fear of future persecution was that the government of Guatemala had entered peace negotiations with the guerrillas. This evidence came from a United States Department of State report profiling the conditions in Guatemala and giving an overview of common asylum claims. Yet, instead of indicating an elimination of any risk, this report as a whole supports Diaz's claims and further indicates that his fear is well-founded.[2]

## II. Withholding of Deportation

 Withholding of deportation is mandatory if the "alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1253(h)(1)[3]; *Rivera–Moreno v. INS,* 213 F.3d 481, 485 (9th Cir.2000). An alien is only entitled to mandatory withholding of deportation under section 243(h) of the Immigration and Nationality Act when there is a "clear probability," and it is more likely than not, that he will be subject to persecution. *INS v. Stevic,* 467 U.S. 407, 424, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The BIA's decision whether to withhold deportation is reviewed for substantial evidence. *See Del Carmen Molina v. INS,* 170 F.3d 1247, 1249 (9th Cir.1999).

 Although Diaz has established that his fear of persecution is well-founded, he has not established that it is more likely than not that he will be persecuted if he returns to Guatemala. *See Lim v. INS,* 224 F.3d at 938. Substantial evidence supports the BIA's holding that Diaz has not established a likelihood of persecution if he returns. Thus, we deny his petition for withholding of deportation.

## Conclusion

Because the BIA's decision that Diaz was ineligible for asylum was not supported by substantial evidence, we hold that Diaz is a refugee who qualifies for asylum because he has a well-founded fear of future persecution on account of political

---

**2.** Given that the report does not mitigate Diaz's claims of fear, we need not consider whether Diaz has proved past persecution sufficient to create a presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i). This inquiry is only relevant in determining how detailed any information about improved country conditions must be to rebut a fear of persecution.

**3.** This provision was removed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, § 307(a) (1996). Because Diaz's case was brought before the effective date of the act, we apply the pre-amendment law.

opinion. We remand the case to the BIA with instructions to present the matter to the Attorney General as eligible for the exercise of discretion under 8 U.S.C. § 1158(b). *See id.* at 939. We affirm the denial of withholding of deportation.

PETITION GRANTED IN PART, REMANDED.