**Cristobal MENDOZA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71655.

I & NS No. A71–944–703.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2001 *.

Decided June 19, 2001.

to 42 U.S.C.1988. *See Friend v. Kolodzieczak,* 72 F.3d 1386, 1389 (9th Cir.1995).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, TASHIMA,
and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

Cristobal Mendoza petitions for review of the BIA's order dismissing his appeal from an IJ's order denying his application for asylum and withholding of deportation. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

■ Mendoza argues that he is entitled to asylum because of a well-founded fear of future persecution based on his past persecution on account of an imputed political opinion. In such a case, an asylum applicant must show that (1) he was a victim of persecution, (2) he holds a political opinion or has had one imputed to him, (3) his political opinion was known to or imputed by his persecutors, and (4) the persecution was on account of his actual or imputed political opinion. *See Agbuya v. INS*, 241 F.3d 1224, 1228–29 (9th Cir.2001).

■ We have defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (*quoting Desir v. Ilchert*, 840 F.2d 723, 726–27 (9th Cir.1988)). As evidence of his past persecution, Mendoza offers his having been shot at by members of a guerrilla group, the continued pursuit of him by members of the same group, and the deaths of his three brothers. Mendoza was shot at on one occasion by members of a guerrilla group for what appeared to be retaliation for his brother's and his throwing grenades at them.

Mendoza claims that pursuit of him by members of a guerrilla group constituted persecution. He testified, however, that the guerrillas mainly called for his brother

and asked for him on only two occasions. Moreover, during these encounters with the guerrillas, Mendoza was not harmed in any way nor did he receive any threats of violence.

Lastly, Mendoza claims that the deaths of his three brothers form the basis of his persecution. We have held that "[a]cts of violence against the applicant's friends and family my establish a well-founded fear where these acts create a pattern of persecution closely tied to the petitioner." *Cordon–Garcia v. INS*, 204 F.3d 985, 991 (9th Cir.2000). All three of his brothers served in the military and Mendoza believed that his brothers were killed because of their military service. While his three brothers all served in the military, Mendoza never had. Of his large family, it was only his three brothers who were ever harmed by the guerrillas. The pattern of persecution appears to be tied to military service. Because Mendoza was never in the military and provided no evidence that any other non-military member of his family had been harmed, he has not demonstrated "that this violence create[s] a pattern of persecution closely tied to [himself]." *Arriaga–Barrientos v. U.S. INS*, 937 F.2d 411, 414 (9th Cir.1991).

The BIA found that Mendoza had not established past persecution. This finding is supported by substantial evidence, and, therefore, must be affirmed. Having failed to make the threshold showing of past persecution, Mendoza's claim for asylum based on past persecution on account of an imputed political opinion fails.

## II

Mendoza argues that he is entitled to asylum based on the severity of his past persecution. Because Mendoza has not demonstrated past persecution, he necessarily cannot be granted asylum based solely on the severity of his past persecution.

## III

Mendoza also appeals the BIA's determination that he failed to meet the requirements for mandatory withholding of deportation. Having failed to meet the lower standard of eligibility for asylum, Mendoza "necessarily fails to establish eligibility for withholding of deportation." *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

PETITION FOR REVIEW DENIED.

THOMAS, Circuit Judge, dissenting.

I would grant the petition for review and remand for reconsideration by the Board of Immigration Appeals. Mendoza established the requisite past persecution based on imputed political opinion and is therefore entitled to a presumption of well-founded fear of future persecution. *Del Carmen Molina v. INS*, 170 F.3d 1247, 1249 (9th Cir.1999); *Ernesto Navas v. INS*, 217 F.3d 646, 658–60 (9th Cir.2000).