**Ramon Edilberto BRIZUELA–SALGUERO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71518.

INS No. A72–122–857.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM**

Ramon E. Brizuela–Salguero, a native and citizen of El Salvador, petitions for review of the final decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's denial of his application for asylum and withholding of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We review for substantial evidence the BIA's ineligibility for asylum determination, *see Rivera–Moreno v. INS,* 213 F.3d 481, 485 (9th Cir.2000), and we deny the petition for review.

Brizuela–Salguero contends that the BIA erred in concluding that he did not establish past persecution. We will reverse the BIA in such cases only where "the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112

** This disposition is not appropriate for publication and may not be cited to or by the

S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original). Even if Brizuela–Salguero suffered past persecution, he did not present evidence to compel the finding that the past persecution was on account of any ground protected by the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42)(A) (1996).

Because the record does not compel the conclusion that Brizuela–Salguero was threatened or beaten on account of political opinion, substantial evidence supports the BIA's conclusion that Brizuela–Salguero failed to establish past persecution. *See id.* at 482. It follows that Brizuela–Salguero is not entitled to a presumption of future persecution. *See Molina v. INS,* 170 F.3d 1247, 1250 (9th Cir.1999).

Because Brizuela–Salguero failed to establish eligibility for asylum, substantial evidence supports the BIA's denial of withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

### PETITION FOR REVIEW DENIED.