**Tatyana Leonidovna TURINA; Yanina Turina, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondents.**

No. 00–70350.

I & NS No. A72–118–095 A72–118–096.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Oct. 12, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the Board of Immigration Appeals' ("BIA") determination that country conditions in Ukraine have changed so that Turina and her daughter could now practice their Baptist faith without persecution. Assuming that Turina established past persecution, the Immigration and Naturalization Service ("INS") successfully rebutted the presumption of future persecution with a 1997 State Department report on country conditions in Ukraine, which specifically reported that with the overthrow of the Communist regime in 1991, evangelical Christians "are no longer denied religious freedom and they worship without interference." *See Marcu v. INS*, 147 F.3d 1078, 1081 (9th Cir.1998) (Country reports from State Department are the "most appropriate and perhaps the best resource for information on political situations in foreign nations") (quotations and citations omitted). Turina's uncorroborated reports that things had not really changed and the refugee status of her parents and sister (on a basis which was never established in the record) do not compel the conclusion that she successfully rebutted the INS's evidence of changed conditions.

The BIA did not abuse its discretion by denying Turina relief on humanitarian grounds. Although the two incidents of persecution described by Turina are deplorable, they are not "atrocious" forms of past persecution. *Lopez–Galarza v. INS*, 99 F.3d 954, 960 (9th Cir.1996).[1]

PETITION DENIED.

REINHARDT, Circuit Judge, dissenting.

I disagree with the majority's determination that the INS successfully rebutted the statutory presumption of future persecution. In order for the INS to have rebutted the presumption, the BIA would first have to apply it. 8 C.F.R. § 208.16(b)(1). Because the BIA did not apply the presumption, we should remand the matter so that it may first do so and it may then determine whether the presumption has been overcome. *Del Carmen Molina v. INS*, 170 F.3d 1247, 1250 (9th Cir. 1999) (remanding to the BIA where the BIA, having erroneously found that an asylum applicant had not suffered from past persecution, never applied the presumption in deciding his case). This is similar to an agency's applying the wrong burden of proof. We do not apply the correct burden ab initio and determine on our own what the agency would have done. We ordinarily let the agency reconsider the issue applying the proper standard. Also, there can be no doubt that Turina's mother, father, sister, and brother-in-law were afforded asylum on the identical claim several months before she was denied asylum. That goes directly to the question of whether country conditions had indeed changed sufficiently to rebut the presumption, which, erroneously, was never applied. For these reasons, I respectfully dissent.

---

1. At argument, petitioner's counsel conceded that the third issue raised on appeal is moot. Accordingly, we do not address the BIA's denial of Turina's motion to reopen.