Carlos Enrique **SILVA–JACINTO,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 00–71426.
INS No. A72–136–757.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided June 11, 2002.

## ORDER

The Memorandum disposition filed on March 5, 2002 is withdrawn. An amended Memorandum will be submitted for simultaneous filing with this Order.

The panel having amended the disposition, the Petition for Rehearing is DENIED. Judge Noonan voted to grant the Petition for Rehearing.

## MEMORANDUM[1]

This petition for review challenges the INS's rejection of Silva–Jacinto's asylum petition on the basis that his fear of future persecution was not objectively reasonable. Both the Immigration Judge and the Board of Immigration Appeals found that Silva–Jacinto had a subjective fear of persecution and that his testimony was credible, reliable and consistent.[2] That testimony established that Silva–Jacinto was forcibly recruited into the Guatemalan armed forces, served honorably, but refused assignment to the G–2 division, an intelligence unit notorious for its human rights violations. The record compels the conclusion that Silva–Jacinto's refusal was based on his conscience and religious beliefs. The G–2 did not accept Silva–Jacinto's refusal and pursued him, even after his tour of military duty ended. The pursuit continued even after Silva–Jacinto moved to another city to avoid the G–2's entreaties. Silva–Jacinto was told that his "name would go on a list"—a statement that meant he was marked for death if he persisted in refusing to join the G–2. He thereupon fled Guatemala, entered the United States and later sought asylum.

Before D.W. NELSON, NOONAN, and HAWKINS, Circuit Judges.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. Consistency in this context means that the applicant's testimony at the IJ hearing was consistent with, that is, did not contradict, what was stated in the asylum application. *See, e.g., Singh v. INS,* 94 F.3d 1353, 1356 (9th Cir.1996). Here, for example, it means Silva–Jacinto's testimony was consistent with his application's claim that the persecution was on account of protected grounds.

That Guatemalans who refuse the "invitation" to join the ranks of the G–2 are then routinely marked for execution—a proposition unchallenged by the INS—compels the conclusion that Silva–Jacinto's fears of future persecution were objectively reasonable. We grant Silva–Jacinto's petition, rather than remand this case for further proceedings, because the administrative record compels the conclusion that his fears of future persecution were based on a protected ground, pursuant to 8 U.S.C. § 1101(a)(42)(A). Silva–Jacinto presented uncontradicted and credible evidence that he feared G–2 persecution because of imputed political beliefs, particularly an allegiance to rival groups or subversives. He explained that G–2 forces think "that anyone who is not on their side or who refuses to join them is a subversive or a guerilla supporter and they are likely to put that person's name on a death list and have him killed." Because Silva–Jacinto was determined to be credible, his uncontradicted testimony that he was in danger because of his political opinion is sufficient. *See Del Carmen Molina v. INS*, 170 F.3d 1247, 1250 (9th Cir.1999) ("While the guerrillas' threats may have been motivated *in part* by an interest in recruiting her, this does not defeat Molina's asylum claim") (emphasis original).

It is unnecessary for Silva–Jacinto to communicate to G–2 recruiters that he possessed a contrary political belief—such courage under the circumstances would veer toward the suicidal. Indeed, his not telling them the true grounds for his refusal lends credibility to his claim that he feared that they would believe he was opposed to them and consequently kill him.

In short, we hold that on this record, a reasonable fact finder would be compelled to conclude that Silva–Jacinto had a well-founded fear of persecution and that this fear was based on statutorily protected grounds.

PETITION GRANTED.

NOONAN, Circuit Judge, dissenting.

Silva–Jacinto refused to serve in G–2 because of his religious beliefs and his unwillingness to torture and "kill people for no apparent reason." No evidence was presented that G–2 was aware of these beliefs. The record indicates only that Silva–Jacinto told military authorities that he didn't wish to serve because "I wanted to return to civilian life. I wanted to live with my wife in Bananera." G–2 persecution might have been based on simple refusal to serve, not a protected ground.

The case should be remanded to the BIA for further findings on whether such persecution would have been "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Neither the Immigration Judge nor the BIA made a finding on this question.