**Leodegario NARAJA SERVITO; Agnes Costes Servito, Petitioners,**

v.

**Alberto GONZALES,* Respondent.**

Nos. 03–70237, A70–075–959, A71–590–528.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided March 21, 2005.

* The court sua sponte changes the docket to reflect that Alberto Gonzales, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Johnson P. Lazaro, Esq., San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, David V. Bernal, Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before THOMAS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

Leodegario Naraja Servito and his daughter Agnes Costes Servito, natives and citizens of the Philippines, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of their request for asylum and withholding of deportation.[1] We have jurisdiction under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1105a (1996), as amended by IIRIRA § 309(c)(4). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we grant the petition for review and remand for reconsideration of the asylum and withholding claims.[2]

The IJ explicitly found Naraja Servito credible and "accord[ed] full evidentiary weight to his testimony." We therefore accept Naraja Servito's statements as true. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1119 (9th Cir.2004). The government concedes that the evidence compels the conclusion that Naraja Servito established past persecution, based on both the repeated death threats he and his family suffered and the fact that his nephews were ambushed and killed by the sparrow unit, a New People's Army death squad. *See, e.g., Molina v. INS,* 170 F.3d 1247, 1249 (9th Cir.1999) (finding threatening letters from guerillas combined with the murder of petitioner's cousins by the same group sufficient to show past persecution).

1.  At oral argument, the government conceded that Agnes Costes Servito's claim is dependent upon her father's application. If the BIA on remand determines that Naraja Servito is eligible for asylum and withholding of removal, Agnes Costes Servito will therefore be entitled to derivative relief.

2.  Because the parties are familiar with the facts, we reference them here only as they are necessary to explain our decision.

Having established that he suffered past persecution, Naraja Servito is entitled to the legal presumption that he has a well-founded fear of future persecution. *Borja v. INS,* 175 F.3d 732, 737 (9th Cir.1999) (en banc). The government bears the burden of establishing, by a preponderance of the evidence, that country conditions have changed such that Naraja Servito no longer has a well-founded fear of persecution, or that he could avoid future persecution by relocating to another part of the Philippines. 8 C.F.R. § 208.13(b)(1). " '[I]ndividualized analysis' of how changed conditions will affect the specific petitioner's situation is required. Information about general changes in the country is not sufficient." *Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998).

Because the IJ found that Naraja Servito did not establish past persecution, the IJ did not apply the correct presumption of a well-founded fear of future persecution. *See Molina,* 170 F.3d at 1250. As a result, the IJ did not analyze the evidence in the record to assess whether the government had rebutted that presumption by showing the effect of changed country conditions. *Id.* "Therefore, we remand to the BIA to determine whether sufficient evidence of changed country conditions exists to rebut the presumption of a well-founded fear of persecution." *Id.; see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).[3]

PETITION FOR REVIEW GRANTED; REMANDED.

---

**3.** Naraja Servito's contention that the BIA's streamlining procedures violate due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003). In light of our disposition, Naraja Servito's argument that the BIA's decision to streamline violated the streamlining regulations is moot. *See*

*Vukmirovic v. Ashcroft,* 362 F.3d 1247, 1253 (9th Cir.2004).

