**Enrique ALVAREZ–URIAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73939.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Alexandru A. Cristea, Esq., Downey, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Richard M. Evans, Esq., William K. Olivier, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Enrique Alvarez–Urias, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000), and we grant in part and deny in part the petition for review.

 Substantial evidence does not support the IJ's decision that petitioner failed to establish past persecution. Guerrillas threatened petitioner and his family because his brother was in the military. Guerrillas then beheaded his brother after they threatened the family. A month after they murdered petitioner's brother, the guerrillas fired gunshots at petitioner and threatened to kill him like they killed his brother. Because "violence against members of an alien's family is sufficient to support the conclusion that the alien's life or freedom is endangered," *see Hernandez–Ortiz v. INS*, 777 F.2d 509, 515 (9th Cir.1985), and here, petitioner's brother was murdered and petitioner was threatened and attacked, we conclude that petitioner produced sufficient evidence to show that he suffered past persecution based on imputed political opinion. *See Del Carmen Molina v. INS*, 170 F.3d 1247, 1248–50 (9th Cir.1999) (holding that alien established past persecution where her cousins' family was killed by the guerrillas because her cousins were in the military and alien had received two threatening notes from the guerrillas).

Accordingly, we grant the petition and remand to the BIA to consider whether the government can rebut the presumption of a well-founded fear of future persecution, as well as petitioner's withholding of removal claim. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004); *see*

*also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

 Finally, petitioner's CAT claim fails because the IJ used the correct standard to review the claim and there was no evidence that petitioner was threatened or that his brother was killed with the consent or acquiescence of the government. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir.2003).

PETITION DENIED IN PART; GRANTED IN PART AND REMANDED.