**Francisco Flores HUBAHIB, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71000.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 9, 2007.

---

632

Emil J. Molin, Esq., Tucson, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Margaret Perry, Esq., Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and

CARNEY,* District Judge.

## MEMORANDUM **

Petitioner Francisco Hubahib, citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny in part and dismiss in part.

Hubahib was convicted in state court of two misdemeanors involving possession of a firearm.[1] The immigration judge ("IJ") found Hubahib to be removable, and Hubahib requested asylum or withholding of removal—both of which the IJ denied. Hubahib appealed to the BIA which affirmed in all respects.

We review the BIA's factual findings for substantial evidence. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Questions of law are reviewed de novo. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir.2004). "We will uphold the BIA's finding that an applicant is ineligible for asylum if it is supported by reasonable, substantial, and probative evidence." *Del Carmen Molina v. INS*, 170 F.3d 1247, 1249 (9th Cir.1999) (internal citation omitted).

■ We decline to consider Hubahib's challenges to the determination that he was removable because his appeal to the BIA did not challenge the finding of removability. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Rashtabadi v. INS.*, 23 F.3d 1562, 1567 (9th Cir.1994). We, therefore, lack jurisdiction over Hubahib's challenges to removability, and so that part of his petition is dismissed.

■ Hubahib argues that he was denied due process because he was not provided with a translator until after he had given some testimony, so the IJ should not have relied on testimony given without a translator.[2] While Hubahib was testifying, Hubahib's attorney told the IJ that Hubahib was having trouble understanding questions posed in English. The IJ postponed the hearing and later reconvened with a translator. Hubahib then testified with the help of a translator.

Although "[d]ue process requires that an applicant be given competent translation services," *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003), Hubahib has not shown that his initial problem with English was serious enough to raise due process concerns. In *He* the IJ provided a "translator who spoke Mandarin but not [He's] Foo Ching dialect." *Id.* at 597. Thus there was a lack of effective translation throughout the hearing. *See also Perez–Lastor v. INS*, 208 F.3d 773, 779 (9th Cir.2000) (reversing because "[t]hroughout the hearing, Perez–Lastor repeatedly expressed difficulty understanding the translation"). In *Acewicz v. INS*, 984 F.2d 1056, 1063 (9th Cir.1993), however, we explained that "isolated passages of garbled testimony" did not seriously affect the proceedings. These cases

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Hubahib also argues that he was denied due process because the IJ was biased. However, because Hubahib did not raise this issue on appeal to the BIA, we lack jurisdiction to consider the issue. *Rashtabadi*, 23 F.3d at 1567. We note, however, that the administrative record contains no indication of bias on the part of the immigration judge.

stand for the proposition that translation problems must be significant in order to amount to a due process violation.

■ In Hubahib's case, he was provided with a translator as soon as one was requested. Thereafter there were only isolated instances of difficulty communicating. Moreover, Hubahib later had an opportunity to clarify any misunderstandings, and the BIA had the entire record before it when making its decision. Under these circumstances the communication problems did not amount to a due process violation. We, therefore, deny Hubahib's petition with respect to this issue.

Finally, Hubahib argues that the BIA erred in finding him ineligible for asylum under 8 U.S.C. § 1101(a)(42)(A) because the BIA erred both because it failed to address his argument that his family was a particular social group, and because the decision was not supported by evidence.

■ There is substance to Hubahib's contention that the BIA failed to appreciate that his family could constitute a "particular social group." *See, e.g., Lin*, 377 F.3d at 1028 (holding that Lin "had a plausible claim for refugee status as a member of a particular social group—his immediate family—if he could demonstrate a well-founded fear of persecution on account of that status"). Nonetheless, the BIA's determination that Hubahib failed to meet the "on account of" prong of § 1101(a)(42)(A) is supported by substantial evidence. *See id* at 1029 ("[I]t will not matter whether the family is a 'social group' or not because refugee status will be denied on the 'on account of' prong in any event.").

Although Hubahib and his wife testified as to a number of events which had happened to their family over the last several decades, including having land stolen and several family members killed in suspicious circumstances, they conceded that they did not know exactly who was responsible for many of these events. Even viewing this testimony in the light most favorable to Hubahib there was no evidence of any politically motivated vendetta against his family.[3] These events may have been "[r]andom, isolated criminal acts." *Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004).

The BIA's conclusions were supported by substantial evidence; therefore we must deny the petition for review of his asylum application. Finally, because Hubahib "failed to establish eligibility for asylum from [the Philippines], he necessarily failed to demonstrate eligibility for withholding of removal." *Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

**3.** Although the IJ found that Hubahib was not credible, the BIA did not base its denial on negative credibility. We therefore assume that Hubahib's testimony was truthful and review it in that light. *Maldonado–Cruz v. INS,* 883 F.2d 788, 792 (9th Cir.1989).