**Santos Rene Lopez FUNES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74781.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Feb. 22, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ajai Mathew, Esq., Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jason C. Turner, U.S. Department of Justice, Chicago, IL, for Respondent.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM *

Santos Rene Lopez Funes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA's) decision affirming without opinion the Immigration Judge's (IJ's) decision denying Funes's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Because the BIA adopted the IJ's decision without opinion, we treat the IJ's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision as that of the BIA. *See Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). We review factual determinations, including whether the petitioner is eligible for asylum, under the substantial evidence standard. *Acewicz v. INS,* 984 F.2d 1056, 1061 (9th Cir.1993). We must uphold the decision unless the evidence compels a contrary result. *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999). Because the IJ found Funes to be credible, we accept his testimony as true. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004).

An applicant for asylum bears the burden of proving that he is unwilling or unable to return to his country of nationality "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B). Funes applied for asylum on the basis of his race (Mam Mayan), his membership in a particular social group (his family), and his actual or imputed political opinion (guerrilla or guerrilla sympathizer).

■ Substantial evidence supports the IJ's finding that Funes was not persecuted in Guatemala. "Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive." *Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (quotation marks and citation omitted) (alteration in the original). Funes claims that his father's murder was a direct death threat to Funes that constituted past persecution. Certainly threats of serious harm can constitute persecution. *Mashiri v. Ashcroft,* 383 F.3d 1112, 1119 (9th Cir.2004) ("[T]hreats may be compelling evidence of past persecution, particularly when they are specific and menacing...."). However, even assuming that Funes's father's murder can be considered a threat to Funes, the record is devoid of any other evidence that would compel the conclusion that he was persecuted. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats received by ethnic Albanian not past persecution); *cf. Mashiri,* 383 F.3d at 1119 (noting that, in addition to death threat, petitioner's tires were slashed, her home was ransacked "in a particularly violent way," and she had been forced to run from a threatening mob); *Del Carmen Molina v. INS,* 170 F.3d 1247, 1249 (9th Cir.1999) (petitioner suffered past persecution on account of her opposition to the guerrillas and her family's military affiliation where she received two threatening notes and her cousins and their families were killed).

■ Substantial evidence also supports the IJ's finding that Funes does not have a well-founded fear of future persecution. A well-founded fear must be subjectively genuine and objectively reasonable. *Singh v. Ilchert,* 69 F.3d 375, 378 (9th Cir.1995). The IJ accepted that Funes has a subjectively genuine well-founded fear of future persecution but found that that fear was not objectively reasonable.

Acts of violence against a petitioner's family members may establish a well-founded fear of persecution when the violence "create[s] a pattern of persecution closely tied to the petitioner." *Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Other than the death of his father, Funes provided no evidence of a "pattern of persecution" against his family. Thus the evidence does not compel a finding of well-founded fear. *See id.; cf. Mgoian v. INS,* 184 F.3d 1029, 1036 (9th Cir.1999) (finding pattern of persecution closely tied to petitioner where "all of [petitioner's] principal family members were

subjected to forms or violence, persecution and harassment").

A petitioner may also establish a well-founded fear of future persecution by demonstrating that there is a "pattern or practice" of persecution of a group of persons and that he is a member of that group. 8 C.F.R. § 1208.13(b)(2)(iii); *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). Funes claims that he is a Mayan and there is a pattern and practice of persecution against indigenous Mayan Indians in Guatemala. While indigenous people were "the victims of the worst consequences" of Guatemala's civil war, "several positive steps [have been] taken" with regard to the rights of indigenous people since Peace Accords were signed in 1996. There is no "pattern or practice" of persecution against indigenous people that compels a finding that Funes has a well-founded fear of future persecution based on his membership in that group. *Cf. Knezevic v. Ashcroft,* 367 F.3d 1206, 1213 (9th Cir. 2004) (finding pattern and practice of persecution against Bosnian Serbs due to ethnic cleansing by Croats).

A member of a disfavored group that is not subject to a pattern or practice of persecution may also demonstrate a well-founded fear by showing that he is at a particular risk. *See Kotasz v. INS,* 31 F.3d 847, 853–54 (9th Cir.1994). The more serious and widespread the threat of persecution to the disfavored group, "the less evidence of individualized proof must be adduced." *Id.* at 853. Indigenous people may be a disfavored group in Guatemala, but Funes offered no "concrete particularized facts that support [his particular] fear." Also, while there is evidence that individuals involved in "efforts to investigate past violations and to clarify the fate of the disappeared," including families of the victims, are subject to threats, intimidation, and harassment, the record does not show that Funes was seen by or could now identify his father's killers or that there has otherwise been an investigation into the case that would put Funes at any particular risk. This record does not therefore compel a finding that Funes has an objectively reasonable well-founded fear of future persecution. *See id.* at 854 (affirming the BIA's finding that petitioner did not have an objectively reasonable well-founded fear of future persecution where petitioner submitted material documenting general discrimination against gypsy minority but did not demonstrate that the government systematically persecuted gypsies nor specified any personal experience "pertaining to individual targeting for persecution").

Because we affirm the determination that Funes failed to establish eligibility for asylum, we also affirm the denial of his application for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of [removal].").

██ "A failure to establish eligibility for asylum does not necessarily doom an application for relief under" the CAT. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003.) To qualify for relief under the CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). As noted above, there is no evidence of past torture inflicted upon Funes, and, while Guatemala's human rights record remains poor, there is no evidence of "gross, flagrant or mass violations of human rights" of the sort that would entitle Funes to CAT relief. The IJ's finding that it is not more likely than not that Funes would

be tortured if removed to Guatemala is supported by substantial evidence. *Cf. Nuru v. Gonzales,* 404 F.3d 1207, 1218–23 (9th Cir.2005) (holding that petitioner was entitled to CAT relief where he had been tortured in the past for speaking out about war, country conditions had deteriorated since he fled, army had continued to look for him and had engaged in reprisals against his family).

**PETITION DENIED.**