**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUPINDER KAUR, | No. 05-73118 |
| Petitioner, | Agency No. A075-256-023 |
| v. | |
| ERIC H. HOLDER JR., United States Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010[**]
San Francisco, California

Before: BEEZER and GRABER, Circuit Judges, and CARNEY,[***] District Judge.

Petitioner Rupinder Kaur, a native and citizen of India, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming the immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]    The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

judge's ("IJ") denial of Ms. Kaur's application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Ms. Kaur argues on appeal that the BIA erred by affirming the IJ's adverse credibility determination, considering or requiring corroborating evidence, and finding that Ms. Kaur's supplemental evidence was insufficient to support eligibility for asylum. We review for substantial evidence the factual findings underlying denials of asylum, *Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009), denials of withholding of removal, *Del Carmen Molina v. INS*, 170 F.3d 1247, 1249 (9th Cir. 1999), and adverse credibility findings, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We reverse only if the evidence would compel any reasonable factfinder to reach a contrary conclusion. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992)); *see also Kumar v. Gonzales*, 444 F.3d 1043, 1056 (9th Cir. 2006) (Kozinski, J., dissenting in part) ("Our role is not to substitute our own judgment regarding an asylum applicant's credibility for that of the IJ . . . ."). Questions of law are reviewed *de novo*. *Samayoa-Martinez*, 558 F.3d at 899.

Substantial evidence supports the BIA's decision to affirm the IJ's adverse credibility determination. The BIA relied upon a material inconsistency in Ms. Kaur's testimony. She testified that she was singled out for arrest in December

2

1995 because of her father's political activity, but she also testified that interrogators repeatedly demanded that she identify herself. The BIA gave specific and cogent reasons for finding this testimony inconsistent. And this inconsistency went to the heart of Ms. Kaur's asylum claim because it related to the credibility of her account of her alleged December 1995 arrest and assault—the primary basis for her asylum claim. *See Singh*, 367 F.3d at 1143; *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 & n.7 (9th Cir. 2010) (inconsistencies must go "to the heart of the claim" in pre-REAL ID Act cases). The BIA also reasonably concluded that Ms. Kaur failed to clarify or explain this inconsistency satisfactorily despite numerous questions from the IJ and Ms. Kaur's counsel on this point.

The BIA also did not err by affirming the IJ's determination that the evidence Ms. Kaur submitted was insufficient to establish eligibility for asylum. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (IJ may require corroborating evidence after adverse credibility determination); *Sidhu v. INS*, 220 F.3d 1085, 1090, 1092 (9th Cir. 2000) (failure to corroborate can be fatal to asylum application). The most notable evidence that Ms. Kaur provided was the affidavit of her mother and the materials from Dr. Aggarwal. As the BIA properly noted, the affidavit from Ms. Kaur's mother merely provided Ms. Kaur's birth date and birth location and identified her father. Her mother's complete failure to

3

corroborate Ms. Kaur's allegations of wrongful incarceration and physical and sexual assault arguably undermined rather than bolstered the credibility of Ms. Kaur's testimony.

Similarly, the materials from Dr. Aggarwal provided minimal corroboration for Ms. Kaur's testimony. She testified that officers severely beat her and that she was raped once each day for four days, resulting in significant bleeding, swelling, and other internal injuries. Despite that testimony, none of Dr. Aggarwal's materials documented that Ms. Kaur suffered any bruising, swelling, bleeding, vaginal tearing, or other indicia of rape. Although the prescription letter from January 1996 supports Ms. Kaur's claim that she received medical treatment shortly after her alleged incarceration and rape, it states only that Ms. Kaur had acute gastroenteritis and related symptoms.

Dr. Aggarwal's letters from August 1999 and May 2000 do assert that he recalled Ms. Kaur complaining that the police raped her and that she appeared to be in shock when he treated her. At most, these letters show that, as early as January 1996, Ms. Kaur alleged that the officers raped her and that she presented symptoms possibly associated with rape. These letters, however, fail to provide any detail as to any examination Dr. Aggarwal performed, his specific findings, or his diagnosis. It is also concerning that Dr. Aggarwal did not document any recollection of

4

swelling, bruising, bleeding, vaginal tearing, or other indicia of rape that would be present after repeated sexual assaults of the severity Ms. Kaur alleges.

The IJ must give the applicant the opportunity "to explain [her] failure to produce material corroborating evidence." *Sidhu*, 220 F.3d at 1091. Here, the record shows that the IJ specifically provided Ms. Kaur opportunities to resolve defects in the supplemental evidence she provided as well as explain her failure to provide additional evidence. In particular, Ms. Kaur had several chances to explain her failure to provide a critical piece of corroborating evidence: an affidavit from her uncle, Harpal Singh. Ms. Kaur testified that Mr. Singh was the individual that obtained her release both times she was incarcerated, and she confided in him that she had been assaulted and raped during her December 1995 incarceration. Ms. Kaur's failure to obtain his affidavit, or explain her inability to do so, raises additional questions about the credibility of her claim. The fact that he lives in India does not excuse this failure because he was a close relative with whom Ms. Kaur was in contact during her case. *See Shrestha*, 590 F.3d at 1047-48 & n.5.

Finally, having found Ms. Kaur ineligible for asylum, the BIA did not err in affirming the IJ's decision that Ms. Kaur was not entitled to withholding of

removal. The standard for withholding of removal is more stringent than for asylum. *Shire v. Ashcroft*, 388 F.3d 1288, 1295 n.5 (9th Cir. 2004).

Petition DENIED.