**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAQUEL ANTONIO HERNANDEZ MORALES, | Nos. 09-70800<br>09-72549 |
| Petitioner, | Agency No. A072-441-812 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

In these consolidated petitions for review, Raquel Antonio Hernandez

Morales, a native and citizen of Guatemala, petitions for review of the Board of

Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration

judge's ("IJ") removal order and denying his motion to reopen based on ineffective

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, we review for substantial evidence the agency's factual findings, and we review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). In No. 09-70800, we deny the petition for review. In No. 09-72549, we grant the petition for review and remand.

Substantial evidence supports the agency's determination that Hernandez Morales did not suffer past persecution by the guerrillas in Guatemala. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (attempted recruitment by guerillas, without more, is insufficient to compel a finding of persecution on account of political opinion); *cf. Del Carmen Molina v. INS*, 170 F.3d 1247, 1250 (9th Cir. 1999). Substantial evidence also supports the agency's determination that Hernandez Morales does not have a well-founded fear of future persecution by the guerrillas. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). To the extent that Hernandez Morales contends he fears future harm from criminal gangs as a Guatemalan returning from the United States, substantial evidence supports the agency's determination that such harm is not persecution on account of a protected ground. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th

Cir. 2010) (concluding that "returning Mexicans from the United States" is too broad to qualify as a cognizable social group).

Because Hernandez Morales failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of relief under the Convention Against Torture because Hernandez Morales did not establish that it was more likely than not that he will be tortured by or with the acquiescence of the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

The BIA abused its discretion when it denied Hernandez Morales' motion to reopen for failure to establish prejudice. Hernandez Morales' circumstantial evidence of registration for benefits under the settlement in *American Baptist Churches v. Thornburgh*, 760 F.Supp. 796 (N.D. Cal. 1991), submitted along with the motion to reopen, is sufficient to establish that the withdrawal of his application for relief under the Nicaraguan Adjustment and Central American Relief Act "may have affected the outcome of the proceedings." *Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003). We therefore grant the petition for review and remand to the BIA with instructions to remand to the IJ for an

evidentiary hearing, at which the parties shall be permitted to present additional evidence.

**In No. 09-70800:  PETITION FOR REVIEW DENIED.**

**In No. 09-72549:  PETITION FOR REVIEW GRANTED;**

**REMANDED.**