**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STELLA MOUDOYAN, AKA Stella
Bovo, MELINA BOVO, and MARTINO
BOVO,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-70020

Agency Nos. A099-061-381,
A099-061-382, A099-061-383

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2019
Pasadena, California

Before:  FARRIS, McKEOWN, and PARKER, Jr.,[**] Circuit Judges.

Stella Moudoyan, on behalf of herself and her two children, Melina and

Martino Bovo, seeks review of the Board of Immigration Appeals' ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge
for the Second Circuit, sitting by designation.

dismissal of her appeal from an Immigration Judge's final order of removal. We review the BIA's factual findings for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), and deny the petition for review.

The BIA found that an Italian mafia syndicate's four separate threats to Moudoyan and her children were neither explicit, overt, nor implied, and were combined with no other instances of harm or violence that would cause them to amount to past persecution—even when considered cumulatively. It found that Moudoyan's fear of future persecution was too speculative and not objectively reasonable, in part because she provided no evidence that her husband had in fact cooperated with Italian authorities against the mafia. The BIA noted that the Italian government had been making progress in disrupting organized crime, and that Moudoyan had not shown relocation within Italy to be unreasonable.

The record evidence does not compel a contrary conclusion as to past persecution. *See id.*; *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). "In certain extreme cases," this Court has held that "repeated and especially menacing death threats can constitute a primary part of a past persecution claim, particularly where those threats are combined with confrontation or other mistreatment." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (citing *Reyes-Guerrero v. INS*, 192 F.3d 1241, 1243–46 (9th Cir. 1999); *Del Carmen Molina v. INS*, 170 F.3d 1247, 1249

2

(9th Cir. 1999)). But without accompanying physical harms, threats "constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" *Id.* (citing *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)).

Moudoyan describes feelings of fear, including shaking, trembling, and being "afraid of [her] own shadow" in the wake of the threats, but she does not describe "significant actual suffering or harm." We do not dismiss Moudoyan's feelings—we acknowledge that a threat from members of an organized crime family is a serious form of intimidation. But a petitioner's description of threats alone and her subjective fear associated with them is generally insufficient to carry her burden to establish past persecution. *See id.* ("Flipping the burden of proof every time an asylum applicant claimed that he had been threatened would unduly handcuff" the government.). Moudoyan alleges no other physical harm, confrontation, or mistreatment on the part of the mafia. *Cf. Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005); *Marcos v. Gonzales*, 410 F.3d 1112, 1119 (9th Cir. 2005); *Canales-Vargas v. Gonzales*, 441 F.3d 739, 741–44 (9th Cir. 2006).

The BIA's finding that the mafia's confrontation with Martino in a public park was not even an "implied" threat was incorrect. Given the context and the

3

three previous threats, the mafia's intentions in that interaction were clear. But even taken as legitimate, the four veiled, non-explicit, conditional threats, absent any other harm, were not extreme enough to compel a finding of past persecution in the face of this Court's precedent.

Nor does the record compel a finding that Moudoyan established an objectively reasonable fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i). This component requires "credible, direct, and specific evidence." *Mendez-Gutierrez v. Gonzalez*, 444 F.3d 1168, 1171 (9th Cir. 2006). Moudoyan provided expert testimony that the mafia had committed revenge killings against confirmed government informants and their family members in the past, but neither Moudoyan nor the expert could confirm that the triggering occurrence for such killings had occurred: that Moudoyan's former husband, Angelo Bovo, had in fact cooperated with authorities. Moudoyan argues that even if Bovo never cooperated, but only considered it, the mafia might nonetheless kill Bovo's family to deter other would-be informants from cooperating in the future. But she described only four veiled threats, each conditioned on the fact of Bovo's cooperation with authorities, and provided no direct or specific evidence that the mafia ever killed former members *or* their families upon mere *consideration* of cooperation. As a result, although the Court acknowledges Moudoyan's subjective fears, it cannot

4

find that the evidence she presented compelled the BIA to find differently as to the objective component.

We find that the record does not compel findings of past persecution or a reasonable fear of future persecution, so we need not reach whether relocation within Italy would be unreasonable. 8 C.F.R. § 1208.13(b)(2)(ii). Moudoyan fails to make the showing required for asylum, so she also fails to meet the more stringent "clear probability" standard that governs witholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); 8 C.F.R. § 1208.16(b). Moudoyan did not request review of the BIA's denial of her application for protection under the Convention Against Torture, so she waived that claim. *See Armentero v. INS*, 412 F.3d 1088, 1095 (9th Cir. 2005) ("Failure to raise an argument in an opening brief constitutes waiver, . . .").

**PETITION DENIED**.